**Mohamed Djoulde BARRY, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,[1] Respondent.**

No. 08–3772–ag.

United States Court of Appeals, Second Circuit.

Sept. 22, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H.

Holder Jr. is automatically substituted for for-

Ronald S. Salomon, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Janice K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, GUIDO CALABRESI, B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner, Mohamed Djoulde Barry, a native and citizen of Guinea, seeks review of the June 30, 2008 order of the BIA affirming the October 11, 2006 decision of Immigration Judge (IJ) Sandy K. Hom pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture (CAT). *In re Mohamed Djoulde Barry,* No. A 097 587 484 (B.I.A. June 30, 2008), *aff'g* No. A 097 587 484 (Immig. Ct. N.Y. City Oct. 11, 2006). We assume the parties' familiarity with this case's underlying facts and procedural history.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence

standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

We find that the IJ's adverse credibility finding was not supported by substantial evidence. The inconsistencies in Barry's testimony, considered both alone and together, do not go to the heart of the claim. Under our pre-REAL ID Act standard, which the BIA correctly noted governs this case, minor inconsistencies are not an adequate basis for an adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

For the foregoing reasons, the petition for review is GRANTED and the case REMANDED for further proceedings consistent with this opinion.